William Mark Isbell Booking # T392730
Name and Prisoner/Booking Number

Lower Buckeye Jail
Place of Confinement

3250 W. Lower Buckeye Road
Mailing Address

Phoenix, Arizona 85009
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ☑    LODGED
RECEIVED    COPY

AUG 2 4 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

William Mark Isbell
(Full Name of Plaintiff)

Plaintiff,

v.

(1) City of Phoenix, et. al.,
(Full Name of Defendant)

(2) (All Individuals and/or Parties are

(3) Sued In Both Their Individual and

(4) Official Capacities )

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **CV-18-02705-PHX-JAT--DMF**
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

"Jury Trial Demanded"

## A.  JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☑ Other: Supplemental Jurisdiction or "Pendent Jurisdiction" of: State Tort Clai
   28 U.S.C.A. §1367.

2. Institution/city where violation occurred: 901 N. 7th St., Phoenix, Az. 85004

Revised 6/05/17

1

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _CITY OF PHOENIX_.  The first Defendant is employed
as: _MUNICIPALITY_ at _PHOENIX, ARIZONA_.
(Position and Title)          (Institution)

2.  Name of second Defendant: _JODY EDWARD BODWAY_.  The second Defendant is employed as:
as: _CITY OF PHOENIX POLICE OFFICER BADGE#08345_ at _PHOENIX, ARIZONA_.
(Position and Title)          (Institution)

3.  Name of third Defendant: _ANDREA PEREZ-MARTILLAN_.  The third Defendant is employed
as: _CITY OF PHOENIX POLICE OFFICER BADGE#10167_ at _PHOENIX, ARIZONA_.
(Position and Title)          (Institution)

4.  Name of fourth Defendant: _RYAN DEWITS ACHEY_.  The fourth Defendant is employed
as: _CITY OF PHOENIX POLICE OFFICER BADGE#07762_ at _PHOENIX, ARIZONA_.
(Position and Title)          (Institution)

(CONTINUED ON P. 2.2.)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?   ☑Yes   ☐ No

2.  If yes, how many lawsuits have you filed? _5_.  Describe the previous lawsuits:

   a.  First prior lawsuit:
     1.  Parties: _WILLIAM MARK ISBELL_ v. _DENNIS FARRELL_
     2.  Court and case number: _MARICOPA COUNTY SUPERIOR COURT; UNKNOWN CASE NO._
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _(FILED APPROX 2004)_
     _DISMISSED WITHOUT PREJUDICE  (MALPRACTICE)_

   b.  Second prior lawsuit:
     1.  Parties: _WILLIAM MARK ISBELL_ v. _AUSTIN HUGHES, ET AL_
     2.  Court and case number: _U.S. DIST. COURT OF DIST. OF ARIZONA; UNKNOWN CASE NO._
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _(FILED APPROX 2004)_;
     _SUMMARY JUDGEMENT GRANTED IN FAVOR OF PLAINTIFF AND DEFENDANT'S SETTLED OUT OF_
     _COURT.  (UNCONSTITUTIONAL SEARCH 4TH AMENDMENT CLAIM)_

   c.  Third prior lawsuit:
     1.  Parties: _WILLIAM MARK ISBELL_ v. _CHARLES L. RYAN, ET AL_
     2.  Court and case number: _U.S. DIST. COURT DIST. OF ARIZONA; UNKNOWN CASE NO._
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _(FILED APPROX 2011)_;
     _SETTLED OUT OF COURT IN FAVOR OF PLAINTIFF.  (RLUIPA AND 1 AMENDMENT CLAIM)_

(CONTINUED ON PG 2)

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

B. DEFENDANTS CONTINUED FROM P.2:

5. NAME OF FIFTH DEFENDANT: CHRISTINA N. BEGAY. THE FIFTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #08218 AT PHOENIX, ARIZONA.

6. NAME OF SIXTH DEFENDANT: NATHANIEL CHAMPLAIN. THE SIXTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #08733 AT PHOENIX, ARIZONA.

7. NAME OF SEVENTH DEFENDANT: RAMON GOMEZ. THE SEVENTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #10160 AT PHOENIX, ARIZONA.

8. NAME OF EIGTH DEFENDANT: DECLAN M. McCARTHY. THE EIGTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #08141 AT PHOENIX, ARIZONA.

9. NAME OF NINTH DEFENDANT: ROSEMARY NELSON. THE NINTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE SERGEANT BADGE #06878 AT PHOENIX, ARIZONA.

10. NAME OF TENTH DEFENDANT: ADRIAN RIVAS. THE TENTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #9024 AT PHOENIX, ARIZONA.

11. NAME OF ELEVENTH DEFENDANT: PHILLIP ROBERTS. THE ELEVENTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE SERGEANT BADGE #04520 AT PHOENIX, ARIZONA.

12. NAME OF TWELTH DEFENDANT: RYAN SHELL. THE TWELTH DEFENDANT IS EMPLOYED AS: CITY OF PHOENIX POLICE OFFICER BADGE #09838 AT PHOENIX, ARIZONA.

(CONTINUED ON P.2B).

P.2A.

B. Defendants Continued From P.2a:

13. Name of The Thirteenth Defendant: Frank Valenzuela. The Thirteenth Defendant is Employed as: City of Phoenix Police Officer Badge # 10093 at Phoenix, Arizona.

14. Name of Fourteenth Defendant: Lieutenant Salfar. The Fourteenth Defendant is Employed as: City of Phoenix Police Lieutenant Badge # 06138 at Phoenix, Arizona.
  • All Individuals and/or Parties Named Herein are Sued In Both Their Individual and Official Capacities, Who Acted Under Color of State Law.

C. Previous Lawsuits Continued From P.2:

d. Fourth Prior Lawsuit:
  1. Parties: William Mark Isbell v. Charles L. Ryan, et, al.,
  2. Court and Case Number: U.S. Dist. Court Dist of Arizona, CV13-00941-PHX-JAT (DKD).
  3. Result: (Filed 2013) (Eicth Amendment Claim) Summary Judgment Granted In Defendants Favor, ... Interlocutory Appeal Sought By Plaintiff and Defendant Conceded Relief Sought.

E. Fifth Prior Lawsuit:
  1. Parties: William Mark Isbell v. City of Phoenix, et, al.,
  2. Court and Case No: U.S. Dist. Court; CV-18-00290-PHX-JAT (DMF).
  3. Result: Plaintiff Voluntarily Dismissed; Dismissed Without Prejudice.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Plaintiff was Subjected To Excessive Force By Multiple Phoenix Police Officers Acting Under Color of State Law During His Detention and/or Arrest In Violation of the 4th Amendment's "Objectively Reasonable" Standard.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. On 8-22-2017, Plaintiff was the Subject to a Armed Robbery near Aport 7th Street and Roosevelt, by no less than 7 Possibly 8 Perpatrators, at a Man Identified to Plaintiff as "Fric's" House.

   2. At least one of the assailants Identified to Plaintiff only as "Shorty" Had a Firearm.

   3. Plaintiff Distracted the Perpatrators Just Long Enough to Escape by Jumping a Fence and Fleeing on Foot, While Several Assailants Pursued Him in a Gray Vehicle.

   4. Plaintiff "Zigg Zagged" Back on Forth in the Intersection of Roosevelt and 7th Street in an Effort to Avoid Being Shot, Because the Assailant Identified as "Shorty" was in the Passenger Side Front Seat of the Vehicle Waiving a Pistol out the Window.

   5. Plaintiff Repeatedly Screamed For Help, Eventually, Someone outside a Business Location Located at 901 N. 7th St, Phoenix, Az 85004, Identified as "America Mufflers" Told Plaintiff to Retreat Inside the Shop, So Plaintiff Did.

   6. Plaintiff Found a Closet Inside of the Muffler Shop, Which Appeared to be a Small "Storage Closet", Plaintiff Closed the Door and Attempted to Barricade It, In Fear of Being Shot. The Room Had no Light, And Was Completely Dark.
   (Continued on P. 3 B, Attached Hereto)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   As a Direct and Proximate Result of the Named Individual(s) or Parties Actions or In-Actions, Plaintiff Has Suffered, and will Continue to Suffer the Following Losses or Injuries: a. Violations of Plaintiff's Civil Rights Protected Under the 4th Amendment of the U.S. Constitution.
   (Continued on P.3 E, Attached Hereto).

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A. Plaintiff Did However File a "Notice of Claim" on 12-18-2017, Pursuant to A.R.S § 12-821.01 With City Phoenix City Clerks Department. Plaintiff's Claims are not Subject to PLRA Requirements of 42 U.S.c. §1997 e(a) The Notice was Denied on 1-16-18.

3

D. CAUSE OF ACTION

5. SUPPORTING FACTS CONTINUED FROM P. 3:

7. ALMOST IMEDIATELY, PLAINTIFF HEARD SEVERAL ATTEMPTS TO "BREACH" THE DOOR BY WHAT QUITE NATURALLY HE ASSUMED WAS THE PERPATRATORS... THEN IT GOT QUIET.

8. PLAINTIFF WOKE UP THE NEXT AFTERNOON ON AUGUST 23, 2017, IN THE INTENSIVE CARE UNIT ("ICU") AT BANNER GOOD SAMARITAN MED. CENTER, LOCATED AT: 1111 E. MCDOWELL RD., PHOENIX, ARIZONA.

9. PLAINTIFF HAD ZERO KNOWLEDGE OF EVER HAVING ANY CONTACT WITH LAW ENFORCEMENT.

10. A CITIZEN IDENTIFIED LATER AS JOSE ZARAGOZA APPARANTLY CALLED 911 IN RESPONSE TO PLAINTIFF'S SCREAMS FOR HELP.

11. CITY OF PHOENIX POLICE OFFICERS: JODY EDWARD BODWAY ("BODWAY"), ANDREA PEREZ-SANTILLAN ("SANTILLAN"); RYAN DENNIS ARNETT ("ARNETT"; NATHANIEL CHAMPLAIN ("CHAMPLAIN"); RYAN GOMEZ ("GOMEZ"); ADRIAN RIVAS ("RIVAS"); AND FRANK VALENZUELA ("VALENZUELA"), VERBALLY RELAYE OR FILED VARIOUS WRITTEN REPORTED "VERSIONS" OF THE STATE OF THE "STORAGE CLOSET" DOOR PLAINTIFF WAS IN; (I.E.: THE DOOR WAS SHUT; THE DOOR WAS ABO 4" OPEN; THE DOOR WAS HANGING OFF IT'S HINGES, ECT.), HOWEVER, ALL ADMIT PLAINTIFF WAS LOCATED INSIDE THE CLOSET, HUDDLED IN THE CORNER, UN ARMED, AND IN OBVIOUS MEDICAL DISTRESS.

12. IN FACT, OFFICERS BODWAY, SANTILLAN, ARNETT, CHAMPLAIN, GOMEZ, RIVAS, AND VALENZUELA ADMIT TO HEARING "GURGLING" SOUNDS INITIAT ING FROM PLAINTIFF, AND THAT HE WAS UN-ABLE TO RESPOND WHEN ASKED —

(CONTINUED ON P. 3B).

P. 3A.

D. Cause of Action

3. Supporting Facts Continued From P.3B:

If He Needed Medical Attention.

13. None of the 13 named City of Phoenix Police Officers Named As Defendants In This Complaint, Ever Stated In Reports That They Informed Plaintiff Why He Was Under Arrest, And In Fact, Have Clearly Stated They Were Initially Acting Out Of "Concern" Plaintiff Needed Medical Aide, Not In An Initial Effort To Arrest Plaintiff.

14. Significantly, Bodway, Santillan, Arnett, Champlain, Gomez, Rivas, And Valenzuela Reported Plaintiff Was Screaming "Please Stop Etc.", Referring To Officers As One Of His Assailants, All The Way To The Hospital When Plaintiff Would Briefly Regain "Conciousness".... Making It Crystal Clear Plaintiff Had Zero Knowledge As To Officers "Status" As Peace Officers.

15. Plaintiff Can Only Assume, Officers Mistook His In-Ability To Respond To Their "Questions" Or "Commands", As Insolence.

16. Needless To Say, Bodway, Santillan, Arnett, Champlain, Gomez, Rivas, Valenzuela's Christina N. Begay ("Begay"); Declan M. McCarthy ("McCarthy"); Sergeant Phillip Roberts ("Roberts"); and Ryan Sheil ("Sheil"), Severly Beat The Un-Armed Plaintiff For Whatever Reason To The Point Of Un-Conciousness Inside The Small "Storage Closet".

17. Officers Bodway, And Champlain Both Filed Reports Admitting Plaintiff Lost Consciousness As A Result Of Their Blows.

18. Officer Bodway Even Admits He Injured His Right Wrist By "Punching" The Un-Armed Plaintiff "Multiple Times" With His -

D. Cause of Action

3. Supporting Facts Continued From P.3 B:

Closed Fists Using What He calls "Closed Fist Hammer Strikes" to the Plaintiff's Right Side of His Head and Face WHILE PLAINTIFF WAS ALREADY FACE DOWN ON THE GROUND WITH SEVERAL OFFICERS ON HIM.

19. Further, Bodway Even admits Using Multiple "Closed Fist Upper-cut Strikes" to Plaintiff's Face, which knocked him on the Ground... Plaintiff's Right Eye Lid Was Split Open and Required Sutures.

20. Significantly, Bodway Whom is 278 lbs, admits He Hit Plaintiff So Many Times Plaintiff Lost Conciousness For up to 40 SECONDS.

21. Bodway admits to Striking Plaintiff's Right Shoulder Multiple Times, which Plaintiff Asserts Caused, or Likely Caused, The Fracture To His Right Shoulder Clavicle and Tore His "A.C.".

22. Officer Champlain admits to Striking Plaintiff Multiple Times Using What He Called "Closed Fist Hammer Strikes" again, While Plaintiff Was Face Down on the Ground.

23. Champlain admits to Using Multiple "Knee Strikes" to Plaintiff's Lower Back While The Plaintiff Was Face Down on the Ground with Several other officers on Top of Him already.

24. Plaintiff asserts Champlain's Actions Caused, or Likely Caused, The Multiple Fractures In His Back and His Renal Failure.

25. Officer Gomez, admits Champlain Delivered "Multiple Strikes" To Plaintiff's Left Leg While He was on the Ground, which Plaintiff asserts Caused, or Likely Caused, His Left Toe Fracture, which Was Snapped in 2 as if a Boot Was Stomping Down on It.

P.3c.                    (CONTINUED ON P.3D).

D. CAUSE OF ACTION

3. SUPPORTING FACTS CONTINUED FROM P.3C:

26. PLAINTIFF ASSERTS HE WAS SUBJECT TO OVERZEALOUS, OUTRAGEOUS MISCONDUCT ON THE PART OF MULTIPLE CITY OF PHOENIX POLICE OFFICERS. SPECIFICALLY, BOOWAY, SANTILLAN, ARNETT, CHAMPLAIN, GOMEZ, RIVAS, VALENZUELA, BEGAY, McCARTHY, ROBERTS, AND SHELL.

27. PLAINTIFF ASSERTS THE ACTIONS OF THESE 11 OFFICERS RESULTED IN HIS LOSS OF CONSCIOUSNESS, PLAINTIFF'S ASPIRATION AND SUBSEQUENT NEED TO BE INTUBATED WITH MECHANICAL VENTILATION, PLAINTIFF HAVING SUFFERED A BROKEN BACK IN 3 PLACES, A BROKEN TOE, A SPLIT OPEN EYE, RENAL FAILURE WHICH REQUIRED PLAINTIFF TO BE CATHETERIZED FOR SEVERAL DAYS, AND PLAINTIFF SUFFERED FROM MANY DEEP CUTS, ABRASIONS AND BRUISES, WHICH REQUIRED SUTURES.

28. PLAINTIFF WAS HOSPITALIZED IN ICU FOR SEVERAL DAY'S AT BANNER GOOD SAMARITAN MED. CENTER, AND UNDERWENT MANY PROCEDURES.

29. PLAINTIFF PERSONALLY SPOKE TO ARNETT ON AUGUST 2ND, 2017, WHO WAS "POSTED" OUTSIDE HIS HOSPITAL ICU ROOM. WHEN PLAINTIFF ASKED "WHY??" ARNETT SAID: PLAINTIFF GAVE A FEMALE OFFICER A BLACK EYE"... AND "THEY HAD TO DO WHAT THEY DID AS A RESULT".

30. PLAINTIFF ASKED ARNETT IF HE THOUGHT IT WAS RIGHT... ARNETT SAID "IT GOT A LITTLE UN-COMFORTABLE FOR HIS TASTE".

31. IT IS NOTEWORTHY, NO SUCH FEMALE WAS HIT, NOR SUFFERED ANY BLACKEYE... ARNETT, GOMEZ, AND CHAMPLAIN LIED !!!!

32. PLAINTIFF WILL REQUIRE ON-GOING CARE FOR THE FORESEEABLE FUTURE, AND IS CONFINED TO A WHEELCHAIR AND/OR USE OF A CANE FOR MOBILITY.

P.3D.

D. CAUSE OF ACTION

4. INJURY CONTINUED FROM P. 3:

B. VIOLATIONS OF PLAINTIFF'S RIGHTS AS A CITIZEN AND RESIDENT OF ARIZONA, PROTECTED UNDER THE ARIZONA CONSTITUTION; C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; E. PAIN AND SUFFERING; F. SUBJECTED TO OBJECTIVELY UNREASONABLE USE OF FORCE DURING "SEIZURE" OR APPREHENSION; G. SUBJECTED TO EXCESSIVE FORCE IN VIOLATION OF STATE LAW PURSUANT TO A.R.S. §13-409; H. SUBJECTED TO ASSAULT AND BATTERY BY NO LESS THAN 11 CITY OF PHOENIX POLICE OFFICERS; I. AS A DIRECT RESULT OF OUTRAGIOUS MISCONDUCT BY 11 OFFICERS PLAINTIFF SUFFERED: RENAL FAILURE; REPEATED EPISODES OF LOSS OF CONSCIOUSNESS; ASPIRATION REQUERING INTUBATION AND MECHANICAL VENTILATION; PLAINTIFF'S RIGHT SHOULDER, CLAVICLE WAS BROKEN; PLAINTIFF'S BACK WAS BROKEN IN 3 PLACES; PLAINTIFF'S "A.C." IN HIS RIGHT SHOULDER WAS TORN; PLAINTIFF'S TOE WAS BROKEN; AND PLAINTIFF HAD MANY DEEP CUTS, ABRASIONS, AND A SPLIT OPEN RIGHT EYE THAT REQUIRED SUTURES; J. PLAINTIFF WAS HOSPITALIZED SEVERAL DAY'S IN I.C.U.; K. PLAINTIFF UNDERWENT MANY MEDICAL PROCEDURES; L. PLAINTIFF WILL REQUIRE COSTLY, AND ON-GOING, MEDICAL CARE, MEDICATIONS, AND PHYSICAL THERAPY FOR THE FORESEEABLE FUTURE; AND M. PLAINTIFF CONTINUES TO SUFFER LOSS OF SLEEP, EXCRUTIATING PAIN, DIZZINESS, AND IS CONFINED TO A WHEELCHAIR AND/OR USE OF A CANE FOR MOBILITY.

# COUNT II

1. State the constitutional or other federal civil right that was violated: Plaintiff Raises the State Tort Claim of Negligent Supervision Related to Sergeant Philip Roberts; Sergeant Rosemary Nelson; and Lieutenant Salfar. This Court Has Jurisdiction Under U.S.C.A. 1367 Supplemental Jurisdiction.

2. **Count II.** Identify the issue involved.  **Check only one.**  State additional issues in separate counts.

   ☐ Basic necessities          ☐ Mail                  ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property              ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☑ Other: "Negligent Supervision"

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   33. Plaintiff Incorporates Here with the Preceeding Enumerated Paragraphs (1) through (32), as though fully read herein.

   34. City of Phoenix Police Sergeant Roberts, and Lieutenant Salfar ("Salfar"), Failed to Act Upon Their Vested State Law/Authority and Responsibility as Supervisors Within the City of Phoenix Police Department by Witnessing Such Gross Misconduct as Outlined in Above Paragraphs (1) through (32), and Failing to Intervene o 8-22-2017.

   35. In Fact, Roberts Actually Participated in the Assault and Battery, Plaintiff Right Along Side 10 of his Fellow Subordinate Officers, Specifically, Officers: Bodway, Saittian, Arnett, Champlain, Gomez, Rivas, Valenzuela, Becky, McCarthy, and Shell.

   36. City of Phoenix Police Supervisors Sergeant Rosemary Nelson ("Nelson"), Sergeant Roberts, and Lieutenant Salfar Failed to Ensure Officers Where in Compliance with the State of Arizona Requirements and/or Justification for Use of Force by Law Enforcement Pursuant to A.R.S. §13-409 on 8-22-2017, Despite Having the Vested Authority and Responsibility as Supervisors to Act.

   37. Nelson, Roberts, and Salfar Failed to Ensure Their Fellow Subordinate Officers use of Force Related to Plaintiff's Detention and/or Arrest, was Objectively Reasonable In Compliance with Clearly Established Federal Law.

   (Continued on P. 42).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   As a Direct and Proximate Result of the Named Individual(s) or Parties Actions or In-Actions, Plaintiff Has Suffered, and Will Continue to Suffer, the Following Losses or Injuries:
   (See Count I "Injury" Supra, at P. 3.)

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                              ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Count II?                     ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Count II to the highest level?            ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A. Plaintiff Did However File a "Notice of Claim" o 12-18-2017 Pursuant to A.R.S. §12-821.01 with the City of Phoenix City Clerks Department. Plaintiff's Claims are not Subject to PLRA Requirements of 42 U.S.C.A. §1997 e(2). The Notice was Denied 1-16-18

4

Count II.

3. Supporting Facts Continued From P.4:

38. Nelson, Roberts, and Salfar as Supervisors, Failed to Enforce City of Phoenix Police Departmental Policy Related to "Use of Force" Which Mandates: "All Sworn Employees Will Intervene, If a Reasonable Opportunity Exists, When They Know, or Should Know another Employee is using Unreasonable Force."

39. Roberts and Salfar as Supervisors "On-Scene" on 8-22-17, Failed to Require Their 10 Subordinate officers to Utilize Other "Response Options" Available First, Such as Electronic Control Device ("ECD"), Drive Stun Guns, Chemical Weapons, Ect, As City of Phoenix Policy Requires Prior to the Use of "Intermediate Control Techniques", I.E. Hard Empty Hand Techniques, Which Include: "Closed Fist Strikes," "Hammer Fist Strikes" "Knee Strikes", Which is Only to Be Used to Prevent Imminent Serious Bodily Injury or Death of an Officer .. Those Facts Don't Exist Here...

40. Bodway Admitted using "Closed First Uppercut Strikes", "Closed Fist Hammer Strikes", and Even "Punching" Plaintiff's Head and Face Multiple Times until He Lost Conciousness up to 40 Seconds, In Violation of Phoenix Police Policy Regarding Use of Force, Yet, Supervisors Nelson, Roberts, and Salfar, Failed to Document the Use of Force on 8-22-17, on Plaintiff, by Completing BMS Use of Force Reports As Mandated By Policy.

41. Champlin Admitted using Repeated "Knee Strikes" and "Closed Fist Hammer Strikes" on Plaintiff's Back While Plaintiff was Face Down on the Ground, un-armed, In a Confined Storage Closet, with Multiple Other Officers Around and on Top of Plaintiff Already.

P.4a.                    (Continued on P.4B)

<u>COUNT II</u>

5. <u>Supporting Facts Continued from P. 47</u>:

42. Phoenix Police Policy Specifically States Officers are to Avoid Hammer Strikes and Kneestrikes on Necks, Backs, Sternum, Kidneys, and Groin. Yet, Despite Champlains Admitted use of these "Techniques" on Plaintiff's Back and Kidneys, Supervisors Nelson, Roberts, and Salfar Failed to Document Champlains Violations, or Prepare RMB use of Force Reports as Required.

43. At No Time are Officers Permitted By Policy to Utilize Multiple "Punches", or "Hammer Strikes" to Suspects Heads or Faces, as was Admitted by Bodway and Champlain. Yet, Bodway and Champlains Supervisors Nelson, Roberts, and Salfar on 8-22-17, did not Document Such Flagrant Policy Violations.

44. Supervisors Nelson, Roberts, and Salfar Failed to Enforce Phoenix Police Policy Requiring Officers to Wear and Operate Body Cams During Incidents That Require use of Force Serious Enough to Cause Serious Physical Injury to Individuals Like the Plaintiff... Essentially "Aiding in a 'Cover-up' after the Fact.

45. All 13 City of Phoenix Police Officers Involved on 8-22-17 Conveniently, Claim "No Such Video Exist" of the Incident Related to Plaintiff.

46. Nelson, Roberts, and Salfar, Failed to Question or Challenge the Inconsistent Reports Regarding the Officers' "Versions" of the Incident Surrounding Plaintiff's Detention and/or Arrest on 8-22-17, and the Need for Such Extreme use of Force, Given the Fact Plaintiff Was Un-Armed, In Obvious Medical Distress, and "Restrained" Face Down →

P. 48.                                      (Continued on P. 49)

Count II

5. Supporting Facts Continued From P.4B:

Despite, Having the Vested authority and Responsibility For Doing So, as City of Phoenix Police Supervisors Within the Department, and Directly Involved In Plaintiff's "Incident" on 8-22-17.

17. Plaintiff Avows He Complied With The Notice of Claim Requirements Pursuant to A.R.S. § 12-821.01, And Filed Proper Notice With The City of Phoenix Clerks office on 12-18-17 Prior to Filing Suit.

P.4C.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: Plaintiff Was Subjected to Excessive Force In Violation of State Law Pursuant to A.R.S. §13-409. This Court Has Jurisdiction Pursuant to "Supplemental Jurisdiction" Doctrine Under 28 U.S.C.A. §1367.

2.  **Count III.** Identify the issue involved. Check only one.   State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☑ Other: Excessive Force State Tort Claim
    - ☐ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    48. Plaintiff Incorporates Herewith the Proceeding Enumerated Paragraphs (1) Through (47), As Though Fully Plead Herein.

    49. In the State of Arizona Justification For Use of Physical Force In Law Enforcement Is Governed Under A.R.S. 13-409.

    50. A.R.S. 13-409 States: A Person Is Justified In Threatening or Using Physical Force Against Another If In Making or Assisting In Making An Arrest or Detention or In Preventing or Assisting In Preventing The Escape After A Arrest or Detention of That Other Person, Such Person Uses or Threatens to Use Physical Force And All of The Following Exist:

    1. A Reasonable Person Would Believe That Such Force Is Immediately Necessary to Effect The Arrest or Detention or Prevent The Escape.

    2. Such Person Makes Known The Purpose of Arrest or Detention or Believes That It Is Otherwise Known or Cannot Reasonably Be Made Known to The Person to Be Arrested or Detained.

    3. A Reasonable Person Would Believe The Arrest or Detention to Be Lawful.                 (Continued On P. 5A).

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    As A Direct and Proximate Result of The Named Individual(s) or Parties Actions or In-Action, Plaintiff Has Suffered, And Will Continue to Suffer, The Following Losses or Injuries: (See Count 1 "Injury", Supra, at P. 3.)

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes N   ☐ No
    b.  Did you submit a request for administrative relief on Count III?       ☐ Yes A   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?       ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A .... Plaintiff Did However File A "Notice of Claim" on 12-18-2017, Pursuant to A.R.S. §12-821.01 With the City of Phoenix City Clerks Department. Plaintiff's Claims Are Not Subject to Plra Requirements of 42 U.S.C. §1997 e (2).

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**
The Notice Was Denied On 1-16-18

5

Count III.

3. Supporting Facts Continued From P.5:

51. The 911 Operator Can Be Heard Asking Jose Saragoza If Plaintiff Was Armed, And Saragoza Clearly States No to the Operator.

52. In Fact, Saragoza Tells The Operator Plaintiff Is Hiding In A Closet to "Hide From People Following Him".

53. When City Of Phoenix Police Officers: Bodway, Santillan, Arnett, Champlain, Gomez, Rivas, Valenzuela, Begay, McCarthy, Roberts, And Shell, ("11"), Arrived At 901 N. 7th St., All Admitted They Were Initially Acting out of a Concern Plaintiff Needed Medical Aide, Not In An Effort to Arrest Plaintiff.

54. All 11 Officers Have Admitted Plaintiff Was Found Inside A Small Confined Storage Closet, Un-Armed, Huddled In The Corner, And In Obvious Medical Distress.

55. Officers Bodway, Santillan, Arnett, Champlain, Gomez, Rivas, And Valenzuela admit to Hearing "Gurgling" Sounds Iminating From Plaintiff Who Was Un-Able to Respond When Asked If He Was In Need of Medical Attention.

56. Given the above Scenario, No Reasonable Person Would Believe The Level Of Force Officers Bodway, Santillan, Arnett, Champlain, Gomez, Rivas, Valenzuela, Begay, McCarthy, Roberts, And Shell Admit to Using as outlined In ¶¶1-17, Was Necessary, especially, When They Admit to Acting Out of An Initial Concern Plaintiff Needed Medical Aide, not In An Effort to Arrest Plaintiff.

P.5A.          (Continued on P.5B)

<u>Count III.</u>

3. <u>Supporting Facts Continued From P.5A:</u>

57. As outlined in ¶ 13, Supra, none of the 13 named City of Phoenix Police Officers named as Defendants in this Complaint, Ever Stated in Reports that they Informed Plaintiff the Purpose of Arrest and /or His Detention as Required under A.R.S. 13-409 Subsection 2.

58. Officers Bodway and Champlain admit to Utilizing Punches to Plaintiff's Face, Multiple Closed Fist Hammer Strikes to Plaintiff's Head and Face, and Knee Strikes to Plaintiff's Back and Kidneys, In Violation of City of Phoenix Police Policy, Which Prohibits Use of Such "Strikes" in these areas.

59. Bodway and Champlain admit to Plaintiff Loosing Conscious ness as a Result of their actions.

60. The 11 officers assault on Plaintiff, Resulted in Plaintiff Suffering a Broken Back in 3 Places, a Broken Shoulder, Clavi cle, a Torn "A.C.", a Broken Toe, Renal Failure, Plaintiff asp irated, had to be Intubated, Requiring Mechanical Ventillat tion, Plaintiff's Right Eye was Split open, and Required Sut ures, and Plaintiff was Hospitalized Several Days In ICU, as a Result of the 11 officers Excessive Force In Violation of State Law, under A.R.S. 13-409.

61. Most of the "Force" used by the 11 officers, occurred While Plaint iff was already Face down on the Ground, un-armed, in a small Con fined closet, with several officers around, or on top of Plaintiff's Back already, making their actions all the more Unreasonable.

P. 5B.

(Continued on P.5C)

Count III.

3. Supporting Facts Continued From P.5B:

62. Booway Admits To Using a Closed Fist (Upper-Cut) Punch To Plaintiff's Face Knocking Plaintiff On The Ground. No Reasonable Person Would Conclude Such Force Was Necessary Or Lawful Under Any Scenario.

63. Not A Single One Of The 13 Named City Of Phoenix Police Officers Informed Medical Professionals That Plaintiff Was Knocked Un-conscious Several Times As A Result Of Their Use Of Force, Nor, That He Lost Conciousness For As Long As 40 Seconds On One Of Those Occasions.

64. Not A Single One Of The 13 Named Officers Bothered To Inform Medical Professionals In Charge Of Plaintiff's Care At Banner Good Samaritan Med. Center The Type Or Nature Of Force Used On Plaintiff, Thus, Prolonging Plaintiff's Suffering Needlessly, And Subjecting Him To Unnecessary Procedures In Order To Determine The True Nature And Full Extent Of Plaintiff's Injuries.

65. All Individual(s) And/or Parties Were Acting Upon Thier Vested Authority As City Of Phoenix Police Officers Under The Color Of State Law.

66. Plaintiff Avows He Complied With The Notice Of Claim Requirements Pursuant To A.R.S. § 12-821.01, And Filed Proper Notice With The City Of Phoenix Clerks Office On 12-18-17, Prior To Filing Suit.

**COUNT ~~III~~ 4**

Plaintiff was subjected to assault and

1. State the constitutional or other federal civil right that was violated: Battery by multiple City of Phoenix Police Officers Acting Under Color of State Law. This Court has Jurisdiction Pursuant to its "Supplemental Jurisdiction" Doctrine Under 28 U.S.C.A. § 1367.

2. **Count II. Identify the issue involved.** Check only one. State additional issues in separate counts.
   - [ ] Basic necessities
   - [ ] Disciplinary proceedings
   - [ ] Excessive force by an officer
   - [ ] Mail
   - [ ] Property
   - [ ] Threat to safety
   - [ ] Access to the court
   - [ ] Exercise of religion
   - [x] Other: State Tort Claim: Assault / Battery
   - [ ] Medical care
   - [ ] Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   68. Plaintiff Incorporates Herewith The Proceeding Enumerated Paragraphs (1) Through (32), From Count 1, Supra, As Though Fully Read Herein.
   69. The Conduct of City of Phoenix Police Officers: Bodway, Santillan, Aguett, Begay, Champlain, Gomez, McCarthy, Atvas, Roberts, Valenzuela, and Shell While Acting Under Color of State Law, As Outlined In Enumerated Paragraphs (1) Thru (32) Count 1, Supra, Constitutes As Assault and Battery Against Plaintiff In Violation of Arizona State Law.
   69A. The 11 Above Named Officers Actions Were In Violation of Arizona State Law Pursuant To A.R.S. § 13-409 Re: Justification For Use of Force. Since 1: No Reasonable Person Would Conclude The Level of Force Utilized Was Necessary, And 2: Since Plaintiff Was Never Informed of The Purpose of Arrest. See Count 3, ¶¶ 48-60, Supra.
   70. The Above Named Officers Actions Were In Violation of City of Phoenix Police Departmental Policy Re: Use of Force, Re: Type of Force. —

   (Continued on P.63.)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   As a Direct and Proximate Result of The Named Individuals or Parties Actions or Inactions, Plaintiff Has Suffered, And Will Continue To Suffer, The Following Losses or Injuries: (See Count 1, "Injury" Supra, at P.3).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?
   b. Did you submit a request for administrative relief on Count II?     [ ] Yes N/[ ] No
   c. Did you appeal your request for relief on Count II to the highest level?     [ ] Yes A[ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A... Plaintiff Did However File A "Notice of Claim" On 12-18-2017, Pursuant to A.R.S. 12-821.01 With The City of Phoenix City Clerks Department. Plaintiff's Claims Are Not Subject To PLRA Requirements of 42 U.S.C.A. § 1997e (a). The Notice Was Denied On 1-16-18.

6

Count IV

3. Supporting Facts Continued From P.6:

And Re: Level of Force Utilized, Given The Totality of The Circumstances.
71. Plaintiff Suffered Serious Life Threatening Injuries, That Will Require On-Going Medical Care and Physical Therapy For The Foreseeable Future As A Direct Result of The Above Named 11 Officers Assault and Battery on Plaintiff.
72. The 27818 Bodway Admits To Upper-Cutting Plaintiff In The Face, Resulting In Plaintiff Being Knocked On The Ground.
72. Plaintiff Asserts Bodways 81 "Uppercut" Blow To His Face Caused, Or Likely Caused, His Right Eye Injury, Which Required Sutures.
73. Plaintiff Was Beaten Unconscious, For As Long As 10 Seconds on One of Those Occasions, As Admitted By Bodway and Champlain.
74. Plaintiff Suffered Multiple Fractures To His Back, Right Shoulder Clavicle, and His Toe, As A Result of The Assault/Battery Committed On Him By The Above Named 11, City of Phoenix Police Officers.
75. Plaintiff Aspirated and Had To Be Intubated Requiring Mechanical Ventilation, As a Direct Result of The Assault/Battery Committed on Plaintiff By The Above Named 11 Officers.
76. Bodway, Champlain, Gomez, and Santillan Authored "City of Phoenix Incident Reports #2017-0000-1472358, Related to Plaintiff's Arrest on 8-22-17, Where-In, All Admit To Utilizing Force on Plaintiff, Which Violates State Law, Violates City of Phoenix Police Policy, and Constitutes Assault/Battery Under, Relevant State-Tort Law.
77. Arnett Verbally Admitted To Plaintiff While Plaintiff Was In The Hospital on 8-24-2017, That The Actions of The Above Named 11 Officers, "Got

P.63.                          (Continued on P.63).

COUNT IV

3. Supporting Facts Continued From P. 63:

a little un-comfortable for his taste".

78. Plaintiff Avows He complied With The notice of Claim requirements Pursuant To A.R.S. §12-821.01, And Filed Proper Notice With The City of Phoenix Clerks office on 12-18-17, Prior To Filing Suit.

## COUNT 3, 5.

1.  State the constitutional or other federal civil right that was violated: The City of Phoenix, an incorporated Political Subdivision of the State of Arizona, Employs Customary Policies and/or Practices that are Negligent, Resulting In Plaintiff Suffering an Injury. This Court has Jurisdiction Pursuant to 28 U.S.C.A. § 1367.

2.  **Count III.** Identify the issue involved. Check only one. State additional issues in separate counts.

    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety    ☑ Other: State Tort Claim: "Negligence".

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    79. Plaintiff Incorporates Herewith the Proceeding Enumerated Paragraphs (1) Through (78), Supra, From Counts 1-4, as though Fully Read Herein.

    80. When the City of Phoenix Undertakes the Responsibility of Providing the Public with City of Phoenix Police Law Enforcement Services, the City Assumes a Duty to Ensure it's Officers Conform to a Particular Standard of Conduct in Order to Protect Others From Unreasonable Risks of Harm.

    81. The City of Phoenix ("The City") Employs a Customary Practice of "Burrying Their Heads in the Sand" and Failing to Take Necessary and Appropriate Steps Regarding Gross Misconduct on the Part of Sworn Officers Within the City of Phoenix Police Department.

    82. In This Instance, the Sworn Police Officer on the Scene August 22, 2017 During Plaintiff's "Detention and/or Arrest" was City of Phoenix Police Sergeant Phillip Roberts Badge #4520.

    83. In Phoenix Police Internal Reports Dated October 12, 2012, Related to an Internal Investigation No: PSA 10-0112 of Alleged Misconduct of Roberts, Professional Standards Bureau ("PSB") Concluded as Follows:

    (Continued on P.7A)

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    As a Direct and Proximate Result of the Named Individual(s) or Parties Actions or In-Actions, Plaintiff has Suffered, and Will Continue to Suffer, the Following Losses or Injuries: (See Count 1: "Injury" Supra, at P. 3).

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes N/A ☐ No

    b.  Did you submit a request for administrative relief on Count III?    ☐ Yes N/A ☐ No

    c.  Did you appeal your request for relief on Count III to the highest level?    ☐ Yes ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A - Plaintiff did However File a "Notice of Claim" on 12-18-2017, Pursuant to A.R.S. § 12-821.01 With the City of Phoenix City Clerks Department. Plaintiff's Claims are not Subject to PLRA Requirements of 42 U.S.C.A. § 1997e (a).

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

The Notice was Denied on 1-16-18.

7

Count V:

3. Supporting Facts Continued From P.7:

a. Roberts Authored as many as 40 Plus Documents alleging Misconduct and/or Criminal Acts Committed By Several City of Phoenix Personnel, Which were Defamatory in Nature, Based on Hearsay, and Found to be LIES...;

B. Roberts made countless Untruthful statements;

c. Roberts Used City Equipment and/or material and/or His Position as a City Employee and Law Enforcement officer For Personal Gain;

D. Roberts Fails to Follow Chain of Command;

E. Roberts Accused Other Individuals Including, other City of Phoenix Police Employees FALSELY, of having Committed Felony Crimes;

F. Caused Irreversible Damage to the Reputations of Several Individuals, The City of Phoenix, The Phoenix Police Department, and Several City Employees;

G. Roberts Sexually Harassed City of Phoenix Police Detective Azizah Drugas;

H. Roberts Conduct on many Levels, PSB Investigators affirmed, Violated The Code of Ethics, Oath of Office, and Basic Department Values;

I. Roberts Conduct PSB Investigators Felt: "Was so Outrageous That Attempts to Correct His Performance Would be Fruitless;..."

84. PSB Investigators Recommended Roberts be TERMINATED Or, AT LEAST DEMOTED Yet, Virtually 5 Years Later, Roberts is Still Employed, as a Supervisor Within The City of Phoenix Police Department;

85. Roberts Himself Participated in the Outragious Assault and Battery Committed On Plaintiff On August 22, 2017, Right Along, Side His Subordinate Officers;

P.7A.

(Continued on P.7B

Count V.

3. Supporting Facts Continued From P. 7A.:

Bodway, Santillan, Arnet, Beglay, Champlain, Gomez, McCarthy, Rivas, Shell, and Valenzuela.

86. The City Employs a Customary Policy and/or Practice of Failing to Ensure it's Supervising Officers Within the City of Phoenix Police Department uphold and/or Enforce Departmental Policy, as Outlined in The Proceeding Enumerated Paragraphs 9t 9t 33-47 of Count 2, Supra.

87. As a Direct and Proximate Result of The Cities Customary Practice of Failing to Ensure it's Supervising Officers Within The Cities Police Department uphold and/or Enforce Departmental Values and/or Policies, Plaintiff Suffered Serious Life Threatening Injuries.

88. Every Sworn Phoenix Police Officer, is REQUIRED to Intervene When They Know or Should Know another Employee is using Excessive Force Under Current City of Phoenix Police Policy Re: Use of Force; Yet, The City Has a Customary Practice of Failing to Ensure it's Supervisors are Held Accountable For Failing to Enforce This Policy.

89. Every Sworn Phoenix Police Officer, is Supposed to be Fully Trained as to City Policy Re: Levels of Force Acceptable; Re: Types of Force Utilized Given the Totality of Circumstances, Yet, The City Has a Customary Practice of Failing to Ensure it's Supervisors are Enforcing These Policies Within Rank and File Phoenix Police Personnel.

90. Bodway and Champlain own Admissions Re: Both The Levels of Force Used, as Well as Types of Force Utilized, Given The Totality of Circumstances on 8/22/17, Clearly Violated City of Phoenix Police Policy; Yet, The City—

P. 7B.                    (Continued on P. 7c)

Count V.

3. Supporting Facts Continued From P. 7B:

Negligently Fails to Act, and Appropriately Address, Officer Mis-
conduct Placing it's Citizens at Un reasonable Risk of Harm.

91. The City Has Negligently Failed To Ensure Policy is upheld, and it's
Officers Use of Force is objectively Reasonable, and When not, Off-
icers are Held Accountable For Their Misconduct.

92. Plaintiff avows He complied With The Notice of Claim Requirements
Pursuant to A.R.S. §12-821.01, and Filed Proper Notice With the City of
Phoenix Clerks Office on 12-18-2017, Prior to Filing Suit.

P. 7C.

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

A. Declatory Judgement Declaring Plaintiff was Subjected to Excessive Force by Multiple City of Phoenix Police Officers, in Violation of the U.S. Constitution, 4th Amendments "Objectively Reasonable Standard".

B. Declatory Judgement Declaring City of Phoenix Police Supervisors: Lieutenant Calear, Sergeant Phillip Roberts, and Sergeant Rosemary Nelsons action and/or In-actions Amounted to Negligent Supervision on August 22, 2017 Under Relevant State Tort Law.

C. Declatory Judgement Declaring Plaintiff was Subjected to Excessive Force In Violation –

(Continued on P.8.2)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  August 19, 2018

_____
DATE

_William Marshall Shell_
_____
SIGNATURE OF PLAINTIFF

N/A
_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

N/A
_____
(Signature of attorney, if any)

N/A
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

E. REQUEST FOR RELIEF CONTINUED:

OF STATE LAW PURSUANT TO A.R.S. §13-409.

D. DECLATORY JUDGEMENT DECLARING PLAINTIFF WAS SUBJECTED TO ASSAULT AND BATTERY BY MULTIPLE CITY OF PHOENIX POLICE OFFICERS ACTING UNDER COLOR OF STATE LAW.

E. DECLATORY JUDGEMENT DECLARING THE CITY OF PHOENIX EMPLOYS CUSTOMARY POLICIES AND/OR PRACTICES THAT ARE NEGLIGENT.

F. DECLARATION OF THIS COURTS JURISDICTION UTILIZING THE COURT'S SUPPLEMENTAL JURISDICTION OR PENDANT JURISDICTION PURSUANT TO 28 U.S.C.A. § 1367 RELATED TO PLAINTIFF'S STATE TORT CLAIMS.

G. INJUNCTIVE RELIEF THROUGH AN ORDER PREVENTING FURTHER VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER BOTH U.S. AND A.Z. CONSTITUTIONS.

H. INJUNCTIVE RELIEF THROUGH THIS COURTS NECESSARY AND APPROPRIATE ORDER REQUIRING THE CITY OF PHOENIX TO IMPLEMENT, CREATE, AND/OR ENFORCE POLICIES AND/OR PRACTICES IN COMPLIANCE WITH BOTH STATE AND FEDERAL LAWS.

I. INJUNCTIVE RELIEF REQUIRING THE CITY TO MANDATE ADDITIONAL TRAINING ON REASONABLE AND APPROPRIATE LEVELS OF FORCE FOR CITY OF PHOENIX POLICE OFFICERS: BOOWAY; SANTILLAN; AGNET; BEGAY; CHAMPLAIN; GOMEZ; MCCARTHY; RIVAS; SHELL; VALENZUELA; SERGEANT NELSON; SERGEANT ROBERTS AND LIEUTENANT SALTER, AND OBJECTIVELY REASONABLE IMPLEMENTATION OF FORCE.

J. INJUNCTIVE RELIEF REQUIRING THE CITY TO TAKE ALL REASONABLE AND/OR APPROPRIATE STEPS TO ADDRESS GROSS INSTANCES OF MISCONDUCT ON THE PART OF IT'S SWORN CITY OF PHOENIX POLICE EMPLOYEES WHEN SUCH INSTANCES ARISE, TO PROTECT CITIZENS FROM UNREASONABLE RISKS OF HARM, INCLUDING, BUT NOT LIMITED TO, IMMEDIATE TERMINATION OF THE CITY EMPLOYEE IN QUESTION, IF APPROPRIATE

P. 82.                  (CONTINUED @ P.8.8)

E. REQUEST FOR RELIEF CONTINUED:

K. PLAINTIFF SEEKS NOMINAL DAMAGES TOTALING 1ˢᵗ.

L. AS A DIRECT AND/OR PROXIMATE RESULT OF THE FOLLOWING NAMED INDIVIDUAL(S) AND/OR PARTIES ACTIONS OR IN-ACTIONS, PLAINTIFF SEEKS MONETARY COMPENSATORY DAMAGES AS FOLLOWS: 1). CITY OF PHOENIX POLICE LIEUTENANT SALFAR BADGE #06138 $100,000; 2). CITY OF PHOENIX POLICE SERGEANT ROSEMARY NELSON BADGE #06878 $100,000; 3). CITY OF PHOENIX POLICE OFFICER, JODY EDWARD BODWAY BADGE #08345 $250,000; 4). CITY OF PHOENIX POLICE OFFICER, NATHANIEL CHAMPLAIN BADGE #08733 $250,000; 5). CITY OF PHOENIX POLICE SERGEANT PHILLIP ROBERTS BADGE #04520 $250,000; 6). 8 CITY OF PHOENIX POLICE OFFICERS: RYAN DENNIS ARNETT BADGE #07262; CHRISTINA M. BEGAY BADGE #08268; RAMON GOMEZ BADGE #10160; DECLAN M. McCARTHY BADGE #08141; ANDREA PEREZ-SANTILLAN BADGE #10167; ADRIAN RIVAS BADGE #9021; RYAN SHELL BADGE #09838; AND FRANK VALENZUELA BADGE #10093 .... $50,000 EACH. 7). CITY OF PHOENIX .... $250,000... TOTAL COMPENSATORY DAMAGES SOUGHT... $1,600,000.

M. AS A DIRECT AND/OR PROXIMATE RESULT OF THE FOLLOWING NAMED INDIVIDUAL(S) AND/OR PARTIES ACTIONS OR IN-ACTIONS, PLAINTIFF SEEKS PUNITIVE AND/OR EXEMPLARY DAMAGES AS FOLLOWS: 1). CITY OF PHOENIX POLICE LIEUTENANT SALFAR BADGE #06138 $250,000; 2). CITY OF PHOENIX POLICE SERGEANT ROSEMARY NELSON BADGE #06878 $250,000; 3). CITY OF PHOENIX POLICE OFFICER, JODY EDWARD BODWAY BADGE #08345 $500,000; 4). CITY OF PHOENIX POLICE OFFICER, NATHANIEL CHAMPLAIN BADGE #08733 $500,000; 5). CITY OF PHOENIX POLICE SERGEANT PHILLIP ROBERTS BADGE #04520 $500,000; 6). 8 CITY OF PHOENIX POLICE OFFICERS:

P.8.B.                    (CONTINUED ON P.B.C.)

E. REQUEST FOR RELIEF CONTINUED:

RYAN DENNIS ARNETT BADGE# 07762; CHRISTINA U. BEGAY BADGE# 08268; RAMON GOMEZ BADGE# 10160; DECLAN M. MC CARTHY BADGE# 08141; ANDREA PEREZ-SANTILLAN BADGE# 10167; ADRIAN RIVAS BADGE# 9024; RYAN SHELL BADGE# 09838; AND FRANK VALENZUELA BADGE# 10093 ... $100,000 EACH. 7). CITY OF PHOENIX ... $250,000. TOTAL PUNITIVE/EXEMPLARY DAMAGES SOUGHT ... $3,050,000.

N. ALL NAMED PARTIES ARE SUED IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND ALL MONETARY DAMAGES SOUGHT ARE BOTH INDIVIDUALLY AND/OR COLLECTIVELY.

O. ATTORNEY FEES WHERE APPLICABLE.

P. REIMBURSEMENT OF COSTS OF LITIGATION, INCLUDING, BUT NOT LIMITED TO: ALL COURT FILING FEES; POSTAGE FEES; COPY COSTS; AND ANY OTHER COSTS INCURRED THROUGH PROSECUTING PLAINTIFF'S CLAIMS.

Q. JURY TRIAL DEMANDED.

R. ANY OTHER RELIEF THIS COURT DEEMS REASONABLE, APPROPRIATE, AND JUST.

P.B.C.

## MARICOPA COUNTY SHERIFF'S OFFICE

# <u>CERTIFICATION</u>

I hereby certify that on this date   __August 21, 2018__ _____

I mailed the original and one (1) copy to the Clerk of the United States District Court, District of Arizona.

I further certify that copies of the original have been forwarded to:

√   Hon _____ United States District Court, District of Arizona.

___   Hon _____ United States District Court, District of Arizona.

___   Attorney General, State of Arizona, _____

___   Judge _____ Superior Court, Maricopa County, State of Arizona.

___   County Attorney, Maricopa County, State of Arizona _____

___   Public Defender, Maricopa County, State of Arizona _____

___   Attorney _____

___   Other _____

___   _____

___   _____


_____   _B1300_
Legal Support Specialist Signature        S/N

INMATE LEGAL SERVICES
Maricopa County Sheriff's Office
3250 W. Lower Buckeye Rd.
Phoenix, AZ 85009